UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBONIE SHARPER, as Next Friend for
ETHAN EVERETT SHARPER,

            Plaintiff,            Civil Case No. 17-12980
                                            Honorable Linda V. Parker
v.

WAL-MART STORES, INC.,

            Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S EXECUTED AUTHORIZATIONS (ECF No. 24)

Plaintiff Ebonie Sharper, as Next Friend of Ethan Everett Sharper, commenced this action in Michigan state court alleging negligence, premises liability, and intentional infliction of emotional distress against Defendant Wal-Mart Stores, Inc. for personal injuries Plaintiff sustained while on the premises. On September 11, 2017, this matter was removed to federal court based on diversity jurisdiction. Presently before the Court is Defendant's Motion to Compel Plaintiff's Executed Authorizations. (ECF No. 24.)

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is

1

relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Rule 34 allows a party to serve requests for production of documents on an opposing party. Fed. R. Civ. P. 34. A party receiving these types of discovery requests has 30 days to respond or object. Fed. R. Civ. P. 34(b)(2). If the receiving party fails to respond, Rule 37 provides the party who sent the discovery requests the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B)(iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

Defendant filed the instant motion on April 11, 2018. (ECF No. 24.) In its motion, Defendant alleges that Plaintiff has failed to execute authorizations for two of Plaintiff's educational records, Plymouth Educational Center and Beacon Elementary. (*Id.* at Pg ID 196-97.) Defendant, through its third-party records acquisition service, requested the authorizations from Plaintiff on March 6, 2018, March 22, 2018, and April 5, 2018. (ECF No. 24 at Pg ID 196-97.) In addition, Defendant contacted Plaintiff's counsel on April 3, 2018 but there was no response. As of the filing of the motion to compel, Defendant has not received a response from Plaintiff.

Plaintiff has failed to respond to Defendant's discovery requests by the initial deadline, April 6, 2018. Similarly, Plaintiff has failed to file a response to Defendant's motion to compel, which Plaintiff was required to do by April 25, 2018, 14 days from the filing of Defendant's motion. E.D. Mich. L.R. 7.1(e)(2)(B).

By not filing any proper objections during the response period, Plaintiff has waived any objections to the discovery. Further, Plaintiff has not presented any reason why awarding reasonable expenses and attorney's fees would be unjust under Rule 37. Fed. R. Civ. P. 37(a)(5)(A) (requiring the court to award reasonable expenses and attorney's fees "unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust.")

Therefore, the Court will grant Defendant's motion and order Plaintiff to execute the outstanding authorizations within seven days from the date of this Order.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Compel Plaintiff's Executed Authorizations (ECF No. 24) is **GRANTED**. Plaintiff shall execute the outstanding authorizations within seven days from the date of this Order; and

**IT IS FURTHER ORDERED** that Plaintiff and her attorney shall pay Defendant's reasonable attorneys' fees and costs associated with its Motion to Compel.  Counsel for Defendant shall submit a certification of time invested in the Motion, along with its billing rate, and any costs within thirty (30) days of this Order; and

**IT IS FURTHER ORDERED** that any objections to Defendant's certifications shall be filed within ten (10) days.

**IT IS SO ORDERED**.

> s/ Linda V. Parker
> LINDA V. PARKER
> U.S. DISTRICT JUDGE

Dated: May 1, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 1, 2018, by electronic and/or U.S. First Class mail.

> s/ R. Loury
> Case Manager